
ORIGINAL



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 2 5 2006
CLERK, U.S. DISTRICT COURT
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL R. WATERS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:04-CV-02716-BF (B) |
| | § | |
| TYRUS AYERS, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This is a consent case before the United States Magistrate Judge. Defendant filed a motion for summary judgment on December 15, 2005. Plaintiff did not file a response, and the time for filing a responsive pleading has passed. Plaintiff, Daniel R. Waters ("Plaintiff"), was in the custody of the Dallas County Sheriff's Department ("DCSD") at the time of the incident that underlies his complaint. Defendant, Tyrus Ayers ("Defendant"), is employed by the DCSD as a guard in the Dallas County Jail. Plaintiff alleges that he was hit and kicked while he was hand cuffed, lying on the ground in the Dallas County Jail. Defendant denies these allegations. He contends that Plaintiff fails to state an actionable claim for excessive force because any force that was used was applied in a good faith effort to maintain institutional security and was not used maliciously and sadistically for the purpose of causing harm to Plaintiff. Additionally, Defendant contends that Plaintiff sustained no more than a *de minimis* injury as a result of the incident that underlies this action.

### Standard of Review

A defendant can meet his summary judgment obligation by pointing the court to the absence of evidence to support the plaintiff's claims because a defendant does not have the burden to prove the plaintiff's claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If

a defendant directs the court to the absence of evidence, then the plaintiff must go beyond its pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *See id.; Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). Summary judgment is mandatory when the nonmoving party fails to meet this burden. *Little*, 37 F.3d at 1076. A court may not simply enter "default" summary judgment because a plaintiff failed to respond to a summary judgment motion; nevertheless, the court may accept the evidence that the defendant adduced as undisputed. *Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.). Moreover, a plaintiff's failure to respond means that it has not designated specific facts to show that there is a genuine issue for trial. *Id.* "A summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).

### Civil Rights Violation

Under 42 U.S.C. § 1983, a plaintiff may bring a suit for damages for violation of his constitutional rights against government agents acting "under color of state law." *See* 42 U.S.C. § 1983. To state a claim for excessive force in violation of the Constitution, a plaintiff must allege (1) more than a *de minimis* injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was (3) objectively unreasonable. *Ikerd v. Blair*, 101 F.3d 430, 433-4 (5th Cir. 1996). The amount of force that is constitutionally permissible must be judged by the context in which that force is deployed. *Id.*

In *Hudson v. McMillian,* 503 U.S. 1 (1992), the Supreme Court stated that "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" (internal quotations omitted). *Id.* at 9-10.

### Qualified Immunity

Defendant has raised the defense of qualified immunity. The Court addresses the question of qualified immunity first, because its resolution determines a defendant's immunity from suit, that is, his ability to avoid a trial altogether, rather than mere immunity from damages. *Brewer v. Wilkinson,* 3 F.3d 816, 820 (5th Cir. 1993). As stated in *Harlow v. Fitzgerald,* 457 U.S. 800 (1982), government officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Trial courts should first determine whether a plaintiff has alleged a claim for a violation of a constitutional right and then address whether a defendant is entitled to qualified immunity. *Duckett v. City of Cedar Park,* 950 F.2d 272, 276-78 (5th Cir. 1992).

### Analysis

Plaintiff claims Defendant hit and kicked him while he was hand cuffed and lying on the Jail floor on October 11, 2003. In Defendant's motion for summary judgment, he claims judgment as a matter of law based upon qualified immunity. Defendant will not have the burden of proof on Plaintiff's claims. Therefore, he can meet his summary judgment obligation by pointing the court to the absence of evidence to support Plaintiff's excessive force claim against

3

him. *See Celotex,* 477 U.S. at 325. If he does so, Plaintiff must go beyond his pleadings and designate specific facts showing that there is a genuine issue for trial. *See id.* at 324; *Little*, 37 F.3d at 1075. Summary judgment is mandatory when the nonmoving party fails to meet this burden. *Id.*

The Court has reviewed the summary judgment evidence and arguments in connection with the pleadings and the entire court record. The following material facts with respect to Plaintiff's claim against Defendant for excessive force are undisputed:

### Undisputed Material Facts

1. Plaintiff is a resident of Texas.

2. Defendant, at all times material to this action, was a duly appointed officer of the DCSD.

3. Dallas County is a governmental entity organized and existing under the laws of the State of Texas.

4. The Dallas County Jail ("Jail") is a detention facility for criminal offenders and is organized under the laws of the State of Texas and operated by the County of Dallas.

5. At all times material to this action, Plaintiff was lawfully confined as an inmate in the Jail.

6. On September 25, 2003, Dallas police officers arrested Plaintiff and booked him into the Jail pursuant to a felony warrant for his arrest.

7. Plaintiff was charged with Criminal Trespass of a Building, Aggravated Assault, Criminal Trespass of a Habitat, and Aggravated Robbery.

8.  After Dallas police officers arrested Plaintiff on September 25, 2003, officials at the Jail placed Plaintiff in the behavioral observation tank of the Jail.

9.  On September 26, 2003, the officials at the Jail released Plaintiff from behavioral observation and ordered him placed in a cell in Tank 4E01 of the Jail.

10. On October 11, 2003, DCSD officers responded to a disturbance between inmates housed in Tank 4E01.

11. Defendant, his supervising officer Sergeant Medlock, and other officers of the DCSD entered Tank 4E01 and ordered the inmates to "rack off," a process during which the inmates return to their assigned cells and the inner cell doors are closed, securing the inmates within their cells.

12. Plaintiff refused to return to his cell, and Officer Chavez handcuffed him.

13. According to their usual procedure, the officers took Plaintiff to the nurse's station where a nurse examined him and escorted him to the holdover cell.

14. Plaintiff stayed in the holdover cell for fifteen minutes and then Defendant escorted him back to his cell, and the officers released him from handcuffs.

15. Plaintiff was charged with Interference with Security Operations for his conduct on October 11, 2003.

16  On October 12, 2003, Plaintiff stated that he would hurt another inmate or an officer and requested that he be transferred to the "psych" floor.

17. On October 12, 2003 the medical staff authorized suicide precautions for Plaintiff, and cleared him for return to a cell on October 13, 2003.

18. DCSD enforces a policy to immobilize disturbed and unruly inmates by hand cuffing them.

19. DCSD enforces a policy for the nursing staff to examine inmates who are restrained for disturbing or unruly behavior.

20. Defendant did not use more force than was reasonably necessary to maintain or restore discipline at any time relevant to this action.

21. Plaintiff did not sustain more than a *de minimis* injury during the incident that underlies his complaint.

22. DCSD prohibits the use of excessive force by its officers.

23. Defendant acted in the good faith performance of his discretionary duties as an officer of the DCSD at all times relevant to this action.

24. Defendant did not violate Plaintiff's clearly established constitutional rights of which a reasonable person would have known.

### Conclusions of Law

The force the officers used against Plaintiff was only the amount of force reasonably necessary to gain control of Plaintiff, who refused to follow their order to "rack off." Defendant has directed the Court to an absence of evidence to support Plaintiff's case. Defendant has shifted the burden to Plaintiff to adduce specific facts showing a genuine issue for trial. *See Celotex*, 477 U.S. at 323-24. Plaintiff failed to point the court to any competent summary judgment evidence indicating that Defendant's actions on October 11, 2003, were objectively unreasonable in light of clearly established law as of that date. Plaintiff failed to offer competent summary judgment evidence that Defendant hit and kicked him while he was hand cuffed. Additionally, although the Court need not reach these issues in light of Defendant's entitlement to qualified immunity, Plaintiff has not adduced competent summary judgment evidence that he suffered more than a *de minimis* injury or that Defendant used force that was clearly excessive

6

based upon the circumstances.[1]  Defendant is entitled to judgment as a matter of law based upon qualified immunity.  Defendant's Motion for Summary Judgment is **GRANTED**.

IT IS SO ORDERED January 23, 2006.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] There is no evidence that Defendant handled Plaintiff at all other than escorting him back to the holdover cell after he had been examined by the nurse and releasing him from his restraints.